**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thao Ramos, | No. CV-22-01956-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Avery Brin Pierce, et al., | |
| Defendants. | |

This matter concerns a collision that occurred in Arizona between Plaintiff and Defendant Avery Pierce ("Avery") while Avery was driving a 2015 Silverado owned by her parents, Defendants Gina Pate Pierce and Stephen Pierce (collectively "Gina and Stephen"). (Doc. 1-3 at 2–3). Plaintiff seeks to hold Gina and Stephen vicariously liable for the actions of Avery pursuant to the family purpose doctrine.[1] (Doc. 1-3 at 4). Gina and Stephen are not residents of Arizona and were not in the state at the time of the accident. (Docs. 14-1 at ¶ ; 14-2 at ¶ 1).  After submitting affidavits to Plaintiff regarding their contacts (or lack thereof) with Arizona, Gina and Stephen told Plaintiff they would be seeking dismissal on personal jurisdiction grounds. Plaintiff now requests jurisdictional discovery from Defendants to consider whether voluntary dismissal is appropriate in lieu

---

[1] Under the family purpose doctrine, "a head of household who furnishes or maintains a vehicle for the use, pleasure, and convenience of the family is liable for the negligence of family members who have the general authority to drive the vehicle while it is used for family purposes." *Brown v. Stogsdill*, 682 P.2d 1152, 1154 (Ariz. Ct. App. 1984); *see also Young v. Beck*, 251 P.3d 380 (Ariz. 2011).

of briefing a motion to dismiss on these grounds. (*See generally* Doc. 11). The Court held a Telephonic Status Conference with the parties on December 19, 2022, and ordered Plaintiff to file Gina and Stephen's affidavits regarding their contacts with the state of Arizona and a supplemental statement detailing what additional information Plaintiff needed to assess whether the Court has personal jurisdiction over Gina and Stephen. (Docs. 14; 14-1; 14-2; 15; 16; 18). For the following reasons, the Court will grant Plaintiff's request, in part.

A plaintiff bears the initial burden of establishing personal jurisdiction over all defendants. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). A court may assert general or specific jurisdiction over a nonresident defendant. *Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997). General jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state, whereas specific jurisdiction exists when the controversy arises from or is related to the defendant's specific contact with the forum state. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984). The "mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 291 (2014).

Plaintiff argues jurisdictional discovery is necessary to determine whether Gina and Stephen "'performed some act or consummated some transaction within the forum' and whether the collision would have occurred 'but for' Defendants forum-related activities to establish specific jurisdiction." (Doc. 18 at 1). For example, Plaintiff seeks additional information regarding (1) the nature in which Gina and Stephen utilize their Arizona vacation home; (2) the extent that Gina, Stephen, and their family use the 2015 Silverado in Arizona; and (3) the purpose of Avery's use of the 2015 Silverado during the time of the collision. (*Id.* at 2–3). Plaintiff argues that this information will help her assess whether they have sufficient minimum contacts with Arizona for this Court to fairly exercise personal jurisdiction over them.

The Court doubts any facts related to causation theories, e.g., "but for" the

defendants' conduct, will aid Plaintiff or the Court in assessing whether the Court has personal jurisdiction over Gina and Stephen. *See e.g., Griffith v. Raper*, 2009 WL 10709721, at *5 (N.D.W. Va. Feb. 6, 2009) (reasoning that the defendant parents' "mere awareness that their car would travel into West Virginia cannot be converted into such purposeful action" to confer specific personal jurisdiction) (citing *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 112 (1987)). However, the Court finds that the information identified above would aid the parties in determining whether the present collision arises from or is related to Gina and Stephen's specific contacts with Arizona. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984). Thus, the Court will allow Plaintiff to propound limited interrogatories with the questions she poses in her statement. (Doc. 18 at 2–3).

Accordingly,

**IT IS ORDERED** that Plaintiff's Request for Jurisdictional Discovery from Defendants Gina Pate Pierce and Stephen Pierce is **GRANTED**. Within **five (5)** days of this Order, Plaintiff may serve on Defendants Gina Pate Pierce and Stephen Pierce no more than **ten (10)** Interrogatories related to their contacts with Arizona. Defendants Gina Pate Pierce and Stephen Pierce shall have **ten (10)** days to respond. Any voluntary dismissal of Defendants Gina Pate Pierce and Stephen Pierce shall be filed with the Court no later than January 20, 2023.

**IT IS FURTHER ORDERED** that if Plaintiff has not filed a voluntary dismissal of Defendants Gina Pate Pierce and Stephen Pierce by January 20, 2023, then Defendants Gina Pate Pierce and Stephen Pierce may file a motion to dismiss by January 30, 2023.

Dated this 3rd day of January, 2023.

Honorable Diane J. Humetewa
United States District Judge