**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thao Ramos, | No. CV-22-01956-PHX-DJH |
|         Plaintiff, | **ORDER** |
| v. | |
| Avery Brin Pierce, et al., | |
|         Defendants. | |

Defendants Gina Pate Pierce and Stephen R. Pierce (collectively "Gina and Stephen") have specially appeared to file a Motion to Dismiss (Doc. 27).[1]  The Court must determine whether it has personal jurisdiction over Gina and Stephen under Federal Rule of Civil Procedure 12(b)(2).  For the following reasons, the Court grants Gina and Stephen's Motion.

## I.    Background

This matter concerns a vehicle collision (the "Collision") between Plaintiff Thao Ramos ("Plaintiff") and Defendant Avery Pierce ("Avery") that occurred while Avery was driving a 2015 Silverado owned by Gina and Stephen, who are Avery's parents.  (Doc. 1-3 at ¶¶ 11–14; 7 ¶¶ 11–14).

### A.    The Defendants

Gina and Stephen are married and reside in Wyoming.  (Doc. 27-1 at 8, 12).  They have three adult children: Avery, Cole, and Grant.  (Docs. 27-1 at 19; Doc. 1-3 at ¶ 12).

---

[1] The matter is fully briefed.  (*See* Response at Doc. 28 and Reply at Doc. 29).

Gina and Stephen own a vacation home in Arizona located at 10792 E. Sundance Trail Scottsdale, Arizona 85262 (the "Arizona Vacation Home"), which they purchased in May 2018.  (Doc. 27-1 at 9, 13).  According to Gina and Stephen, they or their children have visited the Arizona Vacation Home on eleven separate occasions from April 2019– April 2021.  (*Id*. at 19–21).

Gina and Stephen also own a 2015 Silverado that is registered in Wyoming and has Wyoming license plates.  (*Id*. at 10, 14).  According to Gina and Stephen, they drove the 2015 Silverado to the Arizona Vacation Home in November 2019 and it remained there until the Collision occurred.  (Doc. 27-1 at 21).  Gina and Stephen permitted their children to drive the 2015 Silverado while it was in Arizona.  (*Id*. at 22).  Specifically, Avery was permitted to drive the 2015 Silverado from Arizona to California on the day of the Collision.  (*Id*. at 24).

### B.      The Collision

Gina and Stephen had paid for Avery's flight to Arizona in February 2021.  (Doc. 27-1 at 24).    Plaintiff and Avery were involved in the Collision on February 22, 2021, while Avery was using Gina and Stephen's 2015 Silverado with their permission.  (Doc. 1-3 at ¶ 14–18).  The Collision occurred while Avery "passed through Arizona on her way to visit a friend in Palm Springs, California."  (Doc. 27-1 at 10, 14). Plaintiff alleges Avery was "inattentive, failed to control her speed, failed to control her vehicle, and failed to make her left turn from the proper lane and lane position causing a collision with [Plaintiff's] motorcycle."  (Doc. 1-3 at ¶ 20).

### C.      The Present Action

Plaintiff brings claims against Avery under A.R.S. §§ 28-701(A), 28-751(2), 28-754(A), negligence, and negligence *per se*.  (*Id*. at ¶¶ 21–26).  She pursues recovery of medical expenses, general and economic damages.  (*Id*. at ¶ A–F).  Plaintiff also seeks to hold Gina and Stephen vicariously liable for Avery's actions under the family purpose doctrine.  (Docs. 1-3 at ¶ 14–18; 27 at 2).

/ / /

- 2 -

## II.    Legal Standard

A plaintiff bears the burden of establishing personal jurisdiction over all defendants. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995) (citing *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990)).  A defendant may move to dismiss a complaint for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2). When a defendant does so, "the plaintiff need only make a *prima facie* showing of jurisdictional facts."  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990); *see Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting *Doe v. Unocal,* 248 F.3d 915, 922 (9th Cir. 2001)).  "In resolving a Rule 12(b)(2) motion, the court may consider evidence outside the pleadings, including affidavits and other materials submitted on the motion."  *Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1135 (S.D. Cal. 2016) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 123 (2014)).  "[C]onflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists." *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996); *see also Pebble Beach*, 453 F.3d at 1154.

"Where . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits."  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002).  Arizona exerts personal jurisdiction to the "maximum extent permitted by the Arizona Constitution and the United States Constitution."  Ariz. R. Civ. P. 4.2(a); *see also A. Uberti and C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995).  Therefore, the analysis of personal jurisdiction under Arizona law and federal law are the same.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).  Under the Due Process Clause, "[a]lthough a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (internal citations omitted).

The personal jurisdiction requirement is a waivable right and "there are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the court.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14 (1985).  Additionally, a court may assert general or specific jurisdiction over the nonresident defendant.  *Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997). General jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state, whereas specific jurisdiction exists when the controversy arises from or is related to the defendant's specific contact with the forum state.  *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984).  The "mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction."  *Walden*, 571 U.S. at 291.  Where neither general nor specific jurisdiction exists, the court must dismiss the defendant under Rule 12(b)(2).

**III.   Discussion**

The Court must decide whether it has personal jurisdiction over Gina and Stephen. The parties do not dispute that the Court lacks general personal jurisdiction because Gina and Stephen are residents of Wyoming.  (Doc. 27 at 8–9).  Gina and Stephen argue personal jurisdiction cannot be established solely under the family purpose doctrine.  They further contend they do not maintain sufficient minimum contacts with Arizona to create specific personal jurisdiction.

Plaintiff argues Gina and Stephen consented to this Court's jurisdiction under the Arizona Nonresident Responsibility Act, A.R.S. § 28-2321 *et seq*.,  because they are liable under the family purpose doctrine.  She further asserts they maintain sufficient minimum contacts with the forum by owning their Arizona Vacation Home, furnishing a vehicle to use in Arizona, and directing Avery's travel into Arizona.  The Court will assess personal jurisdiction first under the family purpose doctrine, then under the Arizona Nonresident Responsibility Act, and conclude with the minimum contacts test.

**A.   Personal Jurisdiction Under Arizona's Family Purpose Doctrine**

First, Gina and Stephen argue the family purpose doctrine serves the basis for

liability only, not personal jurisdiction.  (Doc. 27 at 6–7) (citing *Griffith v. Raper*, 2009 WL 10709721, at *2 (D. W. Vir. Feb. 6, 2009).  Under Arizona's family purpose doctrine, "a head of household who furnishes or maintains a vehicle for the use, pleasure, and convenience of the family is liable for the negligence of family members who have the general authority to drive the vehicle while it is used for family purposes." *Brown v. Stogsdill*, 682 P.2d 1152, 1154 (Ariz. Ct. App. 1984); *see also Young v. Beck*, 251 P.3d 380 (Ariz. 2011).  However, "[t]he family purpose doctrine is substantive law that ascribes liability; it does not, and cannot, create personal jurisdiction over non-residents" on the basis of a non-resident defendant's negligent driving in the forum state.  *Griffith*, 2009 WL 10709721 at *2.  A court must first find that a defendant has sufficient minimum contacts with the forum before determining liability under the family purpose doctrine.  *See id*. at *2 (citing *Kulko v. Superior Court of California*, 436 U.S. 84, 96 (1978)).

Here, Plaintiff alleges that Avery is Gina and Stephen's daughter, that Gina or Stephen is the "head of family," and that Avery was using the 2015 Silverado with Gina and Stephen's express or implied permission for a family purpose at the time of the Collision.  (Doc. 1-3 ¶¶ 12–18).  Thus, Plaintiff sufficiently claims that Gina and Stephen are vicariously liable for Avery's actions under the family purpose doctrine.  However, the Court agrees with Gina and Stephen's invocation of *Griffith v. Raper*.  (*See* Doc. 27 at 7).  Plaintiff cannot rely on the family purpose doctrine alone to confer personal jurisdiction over Gina and Stephen and must first establish they have minimum contacts with the forum.  *See Griffith*, 2009 WL 10709721 at *2; *see also Walden*, 571 U.S. at 283.

**B.**   **Personal Jurisdiction Under Arizona's Nonresident Responsibility Act**

Second, the parties disagree on the role that a nonresident motorist act plays in a court's jurisdictional analysis.  Arizona enacted its own version of a nonresident motorist act, which is titled the Nonresident Responsibility Act (the "Act").  Plaintiff argues Gina and Stephen consented to this Court's jurisdiction under the Act when they authorized Avery to operate their vehicle on Arizona's public highways.  (Doc. 28 at 5–8).  Gina and Stephen argue that this is an insufficient legal arrangement to constitute consent to

jurisdiction of this Court.  (Doc. 29 at 3).

The Act creates various registration and licensing privileges for nonresidents who use Arizona's interstate highways.  *See* A.R.S. §§ 28-2321–24, 28-3152.  One way a nonresident accepts the privileges provided by the Act is when the nonresident's motor vehicle "is operated on a public highway with the owner's express or implied permission under circumstances that render a resident motor vehicle owner liable for damages to person or property caused by the operation." A.R.S. § 28-2326(A)(3).  Acceptance results in "the appointment of the director[2] by the nonresident" to accept services of process in proceedings that arise from a collision involving: (1) the nonresident; or (2) "the nonresident's agent or any other person operating a motor vehicle owned by the nonresident with the nonresident's express or implied permission on a public highway." A.R.S. § 28-2326(B).

When viewing the alleged facts in Plaintiff's favor, as the Court must, Gina and Stephen accepted the Act's privileges because Avery drove their 2015 Silverado on Arizona's public highways with their permission and this led to the Collision with Plaintiff. (Doc. 1-3 ¶¶ 12–18).  Plaintiff relies exclusively on nonbinding, out of state authorities[3] to argue acceptance under the Act results in Gina and Stephen consenting to the Court's jurisdiction.  (Doc. 28 at 6).  Gina and Stephen oppose, arguing that "just because an Arizona statute provides a means in which a nonresident can be served a lawsuit, it does not mean that this Court automatically has jurisdiction over that nonresident." (Doc. 29 at 3).

The Court finds *King v. American Family Mut. Ins. Co*. instructive. 632 F.3d 570 (9th Cir. 2011).  There, the Ninth Circuit examined a Montana appointment statute to determine whether it established personal jurisdiction over the defendant corporations.  *Id*. at 577–578.   According to Montana's interpretation of its statutory scheme, "the

---

[2] "'Director' means the director of the department of transportation."  A.R.S. § 28-101(23).

[3] Plaintiff cites to the following authorities: *Andrews v. Joseph Cohen & Sons*, 45 F.Supp. 732 (S.D. Tex. 1941); *Hargett v. Reed*, 382 S.E.2d 791 (N.C. App. 1989); *McCard v. Wright*, 317 S.E.2d 633 (Ga. App. 1984).  (*See* Doc. 28 at 6).

appointment of an agent for the service of process in Montana does not confer personal jurisdiction over the [defendants]." *Id.* at 578. The Ninth Circuit followed Montana's interpretation to conclude the defendants were "not amenable to suit in that state simply because they appointed the [state commissioner] as their agent for service of process." *Id.*

Arizona recognizes similar principles:

> Because the modern doctrine of specific jurisdiction amply ensures that a state has jurisdiction when a [defendant's] conduct allegedly causes harm in that state, there is no need to base personal jurisdiction solely upon a murky implication of consent to suit—for all purposes and in all cases—from the bare appointment of an agent for service. We therefore agree with those decisions holding that registration statutes do not imply consent to general jurisdiction.

*Wal-Mart Stores, Inc. v. LeMaire*, 395 P.3d 1116, 1120 (Ariz. Ct. App. 2017). The Arizona appellate court explained that although "registration and appointment may form the basis for a finding that a [defendant] has established minimum contacts with the forum state[,] minimum contacts are not enough to create jurisdiction over cases having no substantive connection to the forum." *Id.*

Plaintiff's interpretation of the Nonresident Responsibility Act ignores these principles. Gina and Stephen may have accepted the Act's privileges, but their appointment of an agent for service of process under the Act, standing alone, does not subject them to this Court's jurisdiction. *Id.* The Court must proceed to determine whether Gina and Stephen have sufficient minimum contacts with the forum for the purpose of specific personal jurisdiction.

## C.    Specific Jurisdiction Under the Minimum Contacts Test

To determine whether specific personal jurisdiction has been established, courts in the Ninth Circuit apply a three-prong "minimum contacts" test:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Morrill*, 873 F.3d at 1142.  A plaintiff must satisfy both of the first two prongs to establish personal jurisdiction.  *Id.*  A defendant bears the burden on the third prong.  *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068–69 (9th Cir. 2017).

### 1.     Prong One of the Minimum Contacts Test

Under the first prong of the minimum contacts test, the Ninth Circuit has established separate inquiries depending on whether the nature of the claims at issue arise from a contract or alleged tortious conduct.  *See Morrill*, 873 F.3d at 1142.  Plaintiff alleges a tort claims against Avery, Gina, and Stephen.  (Doc. 1-3 at 4–5).  Thus, the Court will apply the "purposeful direction" inquiry to determine whether the first prong of the minimum contacts test is met.  *Id.*

The purposeful direction inquiry "requires that the defendant . . . (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Dole Food*, 303 F.3d at 1111.  Actions may be directed at the forum state even if they occurred elsewhere, *id.*,  but "random, fortuitous, or attenuated contacts" are insufficient to create the requisite connection with the forum.  *Burger King*, 471 U.S. at 475.  Moreover, to hold a person's "glancing presence" or "temporary visits to a State a[s] bas[e]s for the assertion of *in personam* jurisdiction over unrelated actions arising in the future would make a mockery of the limitations on state jurisdiction imposed by the Fourteenth Amendment."  *Kulko v. Superior Court of Cal.*, 436 U.S. 84, 92–93 (1978).

Here, Plaintiff argues Gina and Stephen purposely directed activities to the forum when they (1) purchased their Arizona Vacation Home, (2) furnished Avery a vehicle to drive in Arizona, and (3) directed Avery's travel into Arizona.  The Court will discuss each activity in turn.

- 8 -

###### a.   Owning a Vacation Home in Arizona

First, the fact that Gina and Stephen own their Arizona Vacation Home is insufficient to confer jurisdiction.  See *De La Torre v. Merck Enterprises, Inc.*, 2007 WL 9724454, at *1 (D. Ariz. Jan. 11, 2007) (citing *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co., Inc*., 252 F. Supp. 2d 917, 929 (D. Ariz. 2003)).

###### b.   Furnishing a Vehicle to Another in Arizona

Second, the fact that Gina and Stephen lent their 2015 Silverado to Avery to use Arizona is an insufficient basis of specific jurisdiction.  Plaintiff relies exclusively on nonbinding authorities to argue that "numerous Courts around the country" have found personal jurisdiction over a nonresident when it furnishes a vehicle for another's use in the forum.  (Doc. 28 at 10–12).[4]  Gina and Stephen assert that the majority of Plaintiff's supporting authorities are distinguishable because they involve nonresident defendants who "lent their vehicles to other people who lived out of state for those people's continuous, long-term use in the state where they resided." (Doc. 29 at 8).

The Court agrees that Plaintiff's supporting authorities are distinct from the case at hand.  *See Progressive*, 2022 WL 2438427, at *2 (the nonresident defendant allowed the driver to use their co-owned vehicle while the driver lived in North Carolina, and the accident occurred in North Carolina); *see Stevenson v. Brosdal*, 813 So.2d at 1047 (the nonresident defendant allowed the drivers to use his vehicle in Florida while the drivers lived in Florida, and the accident occurred in Florida); *see In Hart v. Bates*, 897 F.Supp. at 713–14 (the nonresident defendant allowed the drivers to use his vehicle in Pennsylvania while the drivers lived in Pennsylvania, and the accident occurred in Pennsylvania).  For example, in *Stevenson*, the court noted the nonresident defendant "specifically knew [the drivers] were living and driving the vehicle in Florida at the time of the accident" and that took the case "out of the realm of mere foreseeability and into the realm of sufficient

---

[4] Plaintiff cites to the following authorities: *Progressive American Ins. Co. v. De Pinto*, 2022 WL 2438427 (W.D.N.C. July 5, 2022); *Stevenson v. Brosdal*, 813 So.2d 1046 (Fla. Dist. Ct. App. 2002); *See In Hart v. Bates*, 897 F.Supp. 710 (E.D.N.Y. 1995); *Tavoularis v. Womer*, 462 A.2d 110 (N.H. 1983).  (*See* Doc. 28 at 10–12).

minimum contacts." *Stevenson*, 813 So.2d at 1048.

Here, Plaintiff does not allege that Avery lives in Arizona.  Gina and Stephen authorized Avery to use their vehicle in Arizona for the casual, isolated purpose of driving it to Palm Springs.  (Doc. 27-1 at 10, 14, 24).  These facts more aptly reflect the kind of "glancing presence" that is insufficient to support personal jurisdiction.  *Kulko*, 436 U.S. at 92; *see also Stroman v. Brown*, 476 A.2d 874, 876 (N.J. Super. Ct. App. Div. 1984) (concluding that the nonresident defendant "did not purposefully avail himself of conducting activities in Pennsylvania by *casually* giving his wife permission to drive his automobile there on her personal business") (emphasis added).

Plaintiff also relies on *Tavoularis* to argue it was foreseeable that Gina and Stephen's loaning of their vehicle to Avery would likely cause harm to the forum.  462 A.2d 110 (N.H. 1983).  There, the court found "it was reasonably foreseeable that the [nonresident] defendant would be sued in [the forum] for negligently entrusting an automobile to [the driver]" because he allegedly knew the driver did not have a valid license.  *Id*. at 428.  Plaintiff here does not allege that Gina and Stephen negligently entrusted the 2015 Silverado to Avery.  Plaintiff only asserts Gina and Stephen are liable under the family purpose doctrine.  Thus, there are no facts showing Gina and Stephen knew that lending Avery a vehicle to use for less than a day in Arizona would likely cause harm to the forum state.

### c.    Directing Another's Travel through Arizona

Last, the fact that Gina and Stephen purchased Avery a plane ticket to Arizona is insufficient to establish minimum contacts with the forum.  Although they purposely directed Avery's travel through Arizona, this is a kind of "temporary visit[] to a State" that is insufficient to support personal jurisdiction.  *Kulko*, 436 U.S. at 92.

### 2.    Prong Two of the Minimum Contacts Test

The Court need not consider prong two because Plaintiff fails to meet prong one of the minimum contacts test.  *Morrill*, 873 F.3d at 1142 ("The plaintiff bears the burden of satisfying the first two prongs of the test.").  The inquiry therefore ends here.

**IV.    Conclusion**

In sum, the Court does not have personal jurisdiction over Gina and Stephen under Federal Rule of Civil Procedure 12(b)(2).  It is undisputed that the Court lacks general jurisdiction over Gina and Stephen because they are residents of Wyoming.  Plaintiff cannot rely on Arizona's family purpose doctrine or Nonresident Responsibility Act to establish personal jurisdiction over Gina and Stephen because those legal authorities concern liability and service only.  Nor has Plaintiff shown that Gina and Stephen maintain sufficient minimum contacts with the forum for the purpose of specific jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that specially appearing Defendants Gina Pate Pierce and Stephen R. Pierce's Motion to Dismiss (Doc. 27) is **GRANTED**.  The Clerk of Court is kindly directed to dismiss Defendants Gina Pate Pierce and Stephen R. Pierce from this action.

Dated this 4th day of May, 2023.

Honorable Diane J. Humetewa
United States District Judge